**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WAYNE R. GRAY,                                 )
                                               )
            Plaintiff,                         )
                                               )
v.                                             )
                                               )    Case No.:  8:06-cv-01950-JSM-TGW
NOVELL, INC., and                              )
THE SCO GROUP, INC., and                       )
X/OPEN COMPANY LIMITED,                         )
                                               )
            Defendants.                        )
                                               )

## X/OPEN'S ANSWER

        Defendant X/Open Company Limited ("X/Open") answers Plaintiff Wayne R. Gray's

complaint as set forth below.  All of the following denials of Gray's allegations and inferences

include, but are not limited to, denials of all claims, assertions, arguments, implications,

speculations, theories, and legal conclusions in the paragraphs, or portions or paragraphs, in

question.  Further, each denial at the end of a paragraph containing separate subparts is a denial

of the entire paragraph in question, including each of its subparts.

        1.      X/Open admits that Plaintiff Wayne R. Gray instituted this lawsuit against

X/Open, Novell, Inc. ("Novell"), and The SCO Group, Inc. ("SCO").  X/Open denies the

remaining allegations and inferences in this paragraph.

        2.      Denied.

        3.      X/Open admits that X/Open and Novell are unrelated entities.  X/Open denies the

remaining allegations and inferences in this paragraph.

        4.      X/Open denies that Novell transferred the UNIX trademark or any registrations

for the UNIX mark to The Santa Cruz Operation, Inc. in the "Asset Purchase Agreement by and

Dockets.Justia.com

between The Santa Cruz Operation, Inc. and Novell, Inc." ("APA") dated September 19, 1995. X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

5.     Denied.

6.     X/Open admits that Novell assigned the UNIX trademark, including U.S. Trademark Registration Nos. 1,392,203 and 1,390,593 for the mark UNIX (the "UNIX registrations"), to X/Open on November 13, 1998. X/Open denies the remaining allegations and inferences in this paragraph.

7.     X/Open admits that, on June 22, 1999, the United States Patent and Trademark Office ("PTO") recorded the assignment of the UNIX trademark and the UNIX registrations from Novell to X/Open. X/Open denies the remaining allegations and inferences in this paragraph.

8.     Denied.

9.     X/Open admits that Gray registered the domain name "inux.com" on January 17, 1999 and the domain name "inux.net" on January 20, 1999, that Gray filed a federal trademark application on April 29, 1999 for the mark INUX, which was published for "computer operating system software for use in consumer hardware systems" ("Gray's application"). X/Open also admits that it filed an opposition against Gray's application on April 11, 2001 (the "*X/Open v. Gray* trademark opposition"), and that the opposition alleges, among other things, a likelihood of confusion between Gray's INUX mark and X/Open's UNIX mark. X/Open denies the remaining allegations and inferences in this paragraph.

10.     Denied.

11.     X/Open admits that Gray is Defendant/Counterclaimant in the *X/Open v. Gray* trademark opposition, Opposition No. 91122524, that the opposition alleges, among other things, a likelihood of confusion between the INUX mark covered by Gray's application, Serial No. 75/680,034, and X/Open's UNIX mark.  X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

12.     X/Open admits that Novell assigned the UNIX mark and the UNIX registrations to X/Open on November 13, 1998.  X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

13.     X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

14.     X/Open admits that it does business as The Open Group, that it is a United Kingdom corporation with its headquarters in Reading, Berkshire, England, that it conducts business in the United States, that it is a consortium created to, among other things, ensure the quality of products sold under various trademarks, including X/Open's UNIX mark, by maintaining common "specifications" (or standards) for such products, including UNIX branded products, that it maintains a website through which it, among other things, advertises and promotes its products and/or services to potential customers, that it owns the UNIX trademark by assignment from Novell, dated November 13, 1998, and that it filed an opposition against Gray's application on April 11, 2001.  X/Open denies the remaining allegations and inferences in this paragraph.

15.     Denied.

16.     X/Open admits that this Court would have supplemental jurisdiction over Gray's Florida common law and statutory claims if it determines it has subject matter jurisdiction over under paragraph 15.  X/Open denies the remaining allegations and inferences in this paragraph.

17.     X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

18.     X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

19.     X/Open admits that it is an alien corporation that transacts substantial business in the United States.  X/Open denies the remaining allegations and inferences in this paragraph.

20.     Denied.

21.     Denied.

22.     X/Open admits that American Telephone and Telegraph Company was the original owner of the UNIX mark and the UNIX registrations.  X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

23.     X/Open admits that, on May 18, 1990, the PTO recorded the assignment of the UNIX mark and the UNIX registrations from the American Telephone and Telegraph Company to UNIX System Laboratories, Inc.   X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

24.     X/Open admits that, on July 27, 1994, the PTO recorded the merger between UNIX System Laboratories, Inc. and Novell dated April 29, 1994.  X/Open is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

25.    Denied.

26.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

27.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

28.    Denied.

29.    Denied.

30.    Denied.

31.    X/Open admits that, on October 11, 1993, a press release entitled "X/Open Receives UNIX Trademark from Novell" was distributed containing the above quotations by Ray Noorda, then president and CEO of Novell.  X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

32.    Denied.

33.    X/Open denies that it ever abandoned the UNIX mark as registered or otherwise. X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

34.    Denied.

35.    Denied.

36.    X/Open admits that it has used the above trademark acknowledgement statement. X/Open denies the remaining allegations and inferences in this paragraph.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    X/Open admits that Novell, which licensed, transferred responsibility for sublicensing, and agreed to assign the UNIX trademark to X/Open on May 10, 1994, was the owner and registrant of the UNIX and UNIXWARE trademarks in September 1995, both prior to and after the September 19, 1995 Novell-SCO Asset Purchase Agreement. X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

49.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

50.    X/Open admits that Novell and The Santa Cruz Operation, Inc. entered into the APA on September 19, 1995. X/Open denies that Novell agreed to transfer the UNIX trademark to The Santa Cruz Operation in Paragraph I of Schedule 1.1(a) of the APA or otherwise. X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

51.    Denied.

52.     Denied.

53.     Admitted.

54.     X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

55.     Denied.

56.     X/Open denies that Novell was not the owner of the UNIX trademark after 1995. X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     X/Open admits that it has licensed or currently licenses the UNIX trademark to Digital Equipment Corp., Hewlett-Packard Company, Fujitsu Limited, Hitachi, Ltd., IBM Corporation, NCR Corporation, NEC Corporation, The Santa Cruz Operation, Inc., SCO, Silicon Graphics, Inc., Sun Microsystems, Inc., and Unisys Corporation.  X/Open denies the remaining allegations and inferences in this paragraph.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     X/Open admits that the requesting entities' compliance requirements for certain procurements are contained in the X/Open document "Value of Procurements:  By year, Government and Commercial" dated February 17, 2002.  X/Open denies the remaining allegations and inferences in this paragraph.

71.     Denied.

72.     X/Open admits that Novell assigned the UNIX trademark and the UNIX registrations to X/Open on November 13, 1998, that the title of the assignment is "DEED OF ASSIGNMENT," and that the assignment contains a "SCHEDULE" listing the U.S. trademark registrations covered by the assignment.  X/Open denies the remaining allegations and inferences in this paragraph.

73.     X/Open admits that the 1998 Novell-X/Open assignment contained the above quotations and that the schedule to the assignment includes the UNIX registrations.  X/Open denies the remaining allegations and inferences in this paragraph.

74.     X/Open admits that, on June 22, 1999, the PTO recorded the 1998 Novell-X/Open assignment at Reel 001920/Frame 0794, that the request to record the assignment was dated June 22, 1999, and that its counsel filed the request on June 22, 1999.  X/Open denies the remaining allegations and inferences in this paragraph.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    X/Open admits that its counsel sent Gray's counsel a letter dated February 27, 2001, that the subject line of the letter was "Infringement of UNIX Trademark by iNUX, Inc.," and that the letter contained the above quotations.  X/Open denies the remaining allegations and inferences in this paragraph.

86.    Denied.

87.    Denied.

88.    X/Open admits that it owns the famous UNIX trademark.  X/Open further admits that it now owns the "unix.org" and "unix.net" domain names.  X/Open denies the remaining allegations and inferences in this paragraph.

89.    X/Open admits that it did not file oppositions or cancellations in the Trademark Trial and Appeal Board against Registration No. 2,534,586 for the mark UNIX covering "metal goods, namely, metal containers for the storage and transportation of high compressed gas, metal storage tanks for preservation, and manually operated metal valves," registered on January 29, 2002 by a company unrelated to X/Open, Registration No. 2,668,450 for the mark UNIX-100 covering a "general purpose cleaning preparation," registered on December 31, 2002, Registration No. 2,885,179 for the mark UNIXIN covering an "anti-inflammatory agent for use with horses," registered on September 14, 2004, Serial No. 76/492,488 for the mark UNIX USA covering "hair care preparations, namely, shampoos, conditioners, styling preparations,

permanent wave lotions, mousse, and hair coloring preparations," or Serial No. 78/513,403 for the mark UNIXPRESS covering "USB (Universal Serial Bus) hardware, namely, a computer docking station with multiple USB and non-USB interfaces," and that the opposition periods have been completed and Notices of Allowance have issued for the above applications.  X/Open denies the remaining allegations and inferences in this paragraph.

90.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

91.    X/Open admits that its counsel executed a "Request That Database Be Updated To Reflect Current Owner of Registration" relating to its ownership of Registration No. 1,392,203 for UNIX, that the request was filed by Express Mail on June 12, 2003, that the request attached the 1998 assignment of the UNIX mark and the UNIX registrations from Novell to X/Open and the PTO's notice of recordation of the assignment, and that the request contained the above quotations.  X/Open denies the remaining allegations and inferences in the paragraph.

92.    Denied.

93.    Denied.

94.    Denied.

95.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

96.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

97.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

98.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

99.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

100.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

101.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

102.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

103.    Denied.

104.    X/Open admits that neither SCO nor The Santa Cruz Operation, Inc. ever owned the UNIX trademark and that its response to Interrogatory No. 7 of Gray's second set of interrogatories in the *X/Open v. Gray* trademark opposition stated that "X/Open also objects to this interrogatory to the extent that it incorrectly assumes that SCO owns or owned the UNIX mark."  X/Open denies the remaining allegations and inferences in the paragraph.

105.    X/Open admits that it filed an application for the mark UNIXWARE on March 9, 2006, that the PTO assigned the application Serial No. 78/833,448, and that X/Open claimed ownership of its UNIX registrations in the application.  X/Open denies the remaining allegations and inferences in the paragraph.

106.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

107.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

108.    X/Open admits that Gray moved to amend his affirmative defenses and counterclaims in the *X/Open v. Gray* trademark opposition on December 20, 2003 and January 22, 2004 alleging, among other things, that X/Open committed fraud on the PTO in recording the 1998 assignment of the UNIX trademark and the UNIX registrations from Novell to X/Open. X/Open denies the remaining allegations and inferences in this paragraph.

109.    X/Open admits that the Trademark Trial and Appeal Board granted Gray's motion to amend his answer, affirmative defenses, and counterclaim in the *X/Open v. Gray* trademark opposition, and entered Gray's second amended answer, affirmative defenses, and counterclaim, on April 12, 2004.  X/Open denies the remaining allegations and inferences in this paragraph.

110.    X/Open admits that Gray served X/Open with discovery requests in the *X/Open v. Gray* trademark opposition on May 4, 2004 and served Novell and SCO with subpoenas in the opposition on May 13, 2004 requesting documents on, among other things, the above topics. X/Open denies the remaining allegations and inferences in this paragraph.

111.    X/Open admits that, before answering Gray's discovery requests in the *X/Open v. Gray* trademark opposition on November 1, 2004, its counsel sent Gray's counsel a letter on May 19, 2004 containing the above quotations.  X/Open denies the remaining allegations and inferences in this paragraph.

112.    X/Open admits that SCO's counsel sent Gray's counsel a copy of the 1996 X/Open-Novell-SCO Confirmation Agreement and that, on May 19, 2004, Gray's counsel sent SCO's counsel a letter stating that "I agree to maintain the confidence of that certain tripartite

agreement" and that "this document will be shown only to counsel, and not to my client." X/Open denies the remaining allegations and inferences in this paragraph.

113.    X/Open admits that Novell's counsel sent Gray's counsel a letter on May 21, 2004 stating that the 1996 X/Open-Novell-SCO Confirmation Agreement will "resolve Mr. Gray's claim, and, in fact, contradict Mr. Gray's position."  X/Open denies the remaining allegations and inferences in this paragraph.

114.    X/Open admits that SCO's counsel sent Gray's counsel a letter on May 26, 2004, objecting to Gray's subpoena, that SCO's counsel sent X/Open's counsel a copy of that letter, and that the letter contained the above quotation.  X/Open denies that document request no. 14 of Gray's subpoena to SCO contained the above quotation.  X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

115.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

116.    X/Open admits that it filed a Motion for Protective Order in the *X/Open v. Gray* trademark opposition on May 20, 2004, that X/Open's counsel served a copy of the motion on Gray's counsel, that X/Open's counsel sent courtesy copies of the motion to Novell's and SCO's counsel, and that the motion contained the above quotations from X/Open's responses and objections to Gray's second set of interrogatories and Gray's second set of interrogatories. X/Open denies the remaining allegations and inferences in this paragraph.

117.    X/Open admits that, on June 12, 2002, it filed a reply to Apple's counterclaim in *X/Open Company, Ltd. v. Apple Computer, Inc.*, Case No. C01-21218, U.S. District of Northern

California, filed on December 28, 2001, and that the reply contained the above quotation. X/Open denies the remaining allegations and inferences in this paragraph.

118.     X/Open admits that, on June 25, 2004, it filed a reply brief in support of its Motion for Protective Order in the *X/Open v. Gray* trademark opposition, that Footnote 3 of the reply brief contained the above quotation, and that Request No. 4 of Gray's second set of document requests contained the above quotation.  X/Open denies the remaining allegations and inferences in this paragraph.

119.     X/Open admits that the Trademark Trial and Appeal Board issued an order in the *X/Open v. Gray* trademark opposition on July 22, 2004 containing the above quotation.  X/Open denies the remaining allegations and inferences in this paragraph.

120.     X/Open admits that it served Gray with its objections and responses to Gray's first set of requests for admissions, second set of interrogatories, and second set of requests for documents in the *X/Open v. Gray* trademark opposition on November 1, 2004, and that it subsequently served Gray with numerous non-confidential documents responsive to Gray's document requests.  X/Open denies the remaining allegations and inferences in this paragraph.

121.     X/Open admits that it served Gray with its objections and responses to Gray's second set of document requests on November 1, 2004 and that its objection and response to Document Request No. 4 contained the above quotation.  X/Open denies the remaining allegations and inferences in this paragraph.

122.     X/Open admits that its counsel sent Gray's counsel a letter on November 19, 2004, requesting that Gray enter into a protective order safeguarding X/Open and third- party confidential information.  X/Open denies the remaining allegations and inferences in this paragraph.

123.    X/Open admits that Gray's counsel asked X/Open, Novell, and SCO for permission to allow Gray to view the September 1996 X/Open-Novell-SCO Confirmation Agreement, which is marked "SCO-Novell-X/Open Proprietary Not for Disclosure to Third Parties," in the absence of a protective order safeguarding X/Open and third-party confidential information.  X/Open denies the remaining allegations and inferences in this paragraph.

124.    Denied.

125.    X/Open admits that Gray's counsel sent X/Open counsel a letter on December 3, 2004, demanding "a full and complete response to all of my discovery requests, without objection" within three days.  X/Open denies the remaining allegations and inferences in this paragraph.

126.    X/Open admits that, on December 8, 2004, its counsel advised Gray's counsel that they would respond to his December 3, 2004 letter by December 10, 2004.  X/Open denies the remaining allegations and inferences in this paragraph.

127.    X/Open admits that Gray filed a motion to compel X/Open's responses to his second set of interrogatories and second set of document requests and a motion to test the sufficiency of X/Open's answers to Gray's first set of requests for admissions in the *X/Open v. Gray* trademark opposition on December 10, 2004.   X/Open denies the remaining allegations and inferences in this paragraph.  In particular, X/Open denies that it failed to respond to Gray's counsel's December 3, 2004 letter by December 10, 2004.

128.    X/Open admits that its counsel sent Gray's counsel a letter on December 10, 2004 requesting, among other things, that Gray enter into a protective order safeguarding X/Open and third-party confidential information before X/Open produces any confidential information.

X/Open further admits that the letter contained the above quotation. X/Open denies the remaining allegations and inferences in this paragraph.

129.    X/Open admits that its counsel sent Gray's counsel a letter on December 13, 2004 and that the letter requested the withdrawal of Gray's discovery motions, stated "Given that the parties recently filed a stipulated motion to extend discovery by 60 days, there is ample time to work out these [discovery related] issues," and again requested that Gray enter into a protective order to safeguard X/Open and third-party confidential information. X/Open denies the remaining allegations and inferences in this paragraph.

130.    X/Open admits it sent Gray its initial document production consisting of 2492 pages of non-confidential documents on December 17, 2004 and that the cover letter accompanying the document production again requested that Gray enter into a protective order to safeguard X/Open and third-party confidential information. X/Open denies the remaining allegations and inferences in this paragraph.

131.    X/Open admits that it filed a brief in opposition to Gray's two discovery motions in the *X/Open v. Gray* trademark opposition on December 30, 2004 and that the brief contained the above quotations. X/Open denies the remaining allegations and inferences in this paragraph.

132.    X/Open admits that Novell's counsel sent Gray's counsel a letter on February 16, 2005 containing the above quotation. X/Open denies the remaining allegations and inferences in this paragraph.

133.    X/Open admits that Gray's counsel sent Novell's counsel a letter on February 17, 2005 containing the above quotation. X/Open denies the remaining allegations and inferences in this paragraph.

134.    X/Open admits that its counsel sent Gray's counsel a letter on February 18, 2005. X/Open denies the remaining allegations and inferences in this paragraph.

135.    X/Open admits that its counsel scheduled an emergency telephonic conference with Trademark Trial and Appeal Board in the *X/Open v. Gray* trademark opposition requesting a protective order prohibiting Gray's counsel from showing the 1996 X/Open-Novell-SCO Confirmation Agreement to Gray in the absence of a protective order safeguarding X/Open and third-party confidential information.  X/Open also admits that, during the conference, the TTAB Interlocutory Attorney indicated the subject of a permanent protective order safeguarding X/Open and third-part confidential information would not be discussed at this time and instructed the parties to submit five-page confidential briefs on the subject of whether Gray should be allowed to see the Confirmation Agreement.  X/Open also admits that the TTAB Interlocutory Attorney requested X/Open to submit a copy of the Confirmation Agreement with its brief and that X/Open did so.  X/Open denies the remaining allegations and inferences in this paragraph.

136.    X/Open admits that the Trademark Trial and Appeal Board issued a notice on February 24, 2005 suspending the *X/Open v. Gray* trademark opposition "pending disposition of the motion to compel," except as to discovery requests served prior to the motion to compel. X/Open denies the remaining allegations and inferences in this paragraph.

137.    Denied.

138.    X/Open admits that Novell's counsel sent Gray's counsel a letter on March 15, 2005 containing the above quotations and asked that Gray's counsel and X/Open's counsel "agree on whether these documents are covered by the terms of any protective order, how the

documents should be designated and who is entitled to view them." X/Open denies the remaining allegations and inferences in this paragraph.

139.    X/Open admits that Gray's counsel sent Novell's counsel a letter on March 16, 2005 asking him to confirm the date of the Term Sheet. X/Open denies the remaining allegations and inferences in this paragraph.

140.    X/Open admits that Novell's counsel sent a letter to Gray's counsel on March 17, 2005 and that Novell's counsel sent a copy of the letter to X/Open's counsel. The letter stated that the Term Sheet is dated January 1993 and that the *UNIX System Laboratories v. Berkeley Software Design* settlement agreement is dated February 3, 1993. The letter also requested that Gray enter into a protective order to safeguard confidential information before Novell could produce the above documents. X/Open denies the remaining allegations and inferences in this paragraph.

141.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in these sentences and, therefore, denies them.

142.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in these sentences and, therefore, denies them.

143.    Denied.

144.    Denied.

145.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

146.    Denied.

147.    Denied.

148.    X/Open admits that Gray's counsel sent X/Open's counsel a letter on April 10, 2006 asking whether X/Open intended to renew its UNIX registrations, accusing X/Open of intending to allow the registrations to expire to avoid the issue of the ownership of the registrations in the *X/Open v. Gray* trademark opposition, and requesting that X/Open provide Gray with a "UNIX mark chain of title affidavit" and privilege log.  X/Open denies the remaining allegations and inferences in this paragraph.

149.    X/Open admits that Gray filed a document in the *X/Open v. Gray* trademark opposition entitled "Letter of Inquiry" on April 14, 1006 in which he asked about the status of Gray's pending motions and requested that the Board require X/Open "to immediately state their intentions concerning registration renewal of the Unix marks" and "produce forthwith a sworn chain of title affidavit."  X/Open also admits that, at the time of the filing of Gray's "Letter of Inquiry," the *X/Open v. Gray* trademark opposition had been suspended for over a year.   X/Open denies the remaining allegations and inferences in this paragraph.

150.    X/Open admits that, in the "Letter of Inquiry" Gray filed in the *X/Open v. Gray* trademark opposition, Gray requested the Trademark Trial and Appeal Board to "correct" the docket to reflect the filing of the parties' confidential briefs on the subject of whether Gray should be allowed to see the X/Open-Novell-SCO Confirmation Agreement.   X/Open also admits that, as of today's date, the *X/Open v. Gray* trademark opposition remains suspended and that the docket does not reflect the filing of the parties' confidential briefs.  X/Open denies the remaining allegations and inferences in this paragraph.

151.    X/Open admits that Gray submitted a Letter of Protest to the Director of the PTO on April 15, 2006 requesting that the PTO suspend prosecution of X/Open's Application Serial No. 78/833,448 for UNIXWARE and "order indefinite suspension of UNIX marks cancellation"

pending the outcome of the *X/Open v. Gray* trademark opposition.  The Commissioner for Trademarks of the PTO denied Gray's Letter of Protest on August 14, 2006.  X/Open denies the remaining allegations and inferences in this paragraph.

152.    X/Open admits that it executed renewal applications for its UNIX registrations on April 20, 2006, that it filed the renewal applications on April 21, 2006, that the renewal applications contained the above quotation, and that the PTO renewed the registrations on July 27, 2006.  X/Open denies the remaining allegations and inferences in this paragraph.

153.    Denied.

154.    X/Open admits that, on June 5, 2006, it recorded the February 12, 2004 assignment of Registration Nos. 1,845,474 and 2,241,666 for the mark UNIXWARE from SCO to X/Open.  X/Open denies the remaining allegations and inferences in this paragraph.

155.    Denied.

156.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph concerning SCO and, therefore, denies them.  X/Open denies the remaining allegations and inferences in this paragraph.

157.    Denied.

158.    Denied.  X/Open has previously advised Gray that the 1995 Asset Purchase Agreement did not transfer the UNIX mark or the UNIX registrations from Novell to The Santa Cruz Operation, Inc.

159.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

160.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

161.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph and, therefore, denies them.

162.    X/Open is without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in this paragraph concerning SCO and, therefore, denies them.   X/Open denies the remaining allegations and inferences in this paragraph.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    X/Open admits that Gray moved to amend his affirmative defenses and counterclaims in the *X/Open v. Gray* trademark opposition on December 20, 2003 and January 22, 2004 alleging, among other things, that X/Open committed fraud on the PTO in recording the 1998 assignment of the UNIX trademark from Novell to X/Open.  X/Open also admits that Gray served X/Open with discovery requests in the *X/Open v. Gray* trademark opposition on May 4,

2004 and served Novell and SCO with subpoenas in the opposition on May 13, 2004 requesting documents on, among other things, the above topics. X/Open denies that Gray has suffered any injury resulting from any alleged wrongdoing by Defendants. X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

177.    X/Open denies that Gray has suffered any injury resulting from any actions by Defendants and that Defendants participated in any enterprise, scheme, or wrongful conduct. X/Open is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in this paragraph and, therefore, denies them.

178.    The allegations and inferences in this paragraph are false and/or lacking in foundation and X/Open, therefore, denies them.

179.    The allegations and inferences in this paragraph are false and/or lacking in foundation and X/Open, therefore, denies them.

180.    Denied.

181.    The allegations and inferences in this paragraph are false and/or lacking in foundation and X/Open, therefore, denies them.

182.    The allegations and inferences in this paragraph are false and/or lacking in foundation and X/Open, therefore, denies them.

183.    Denied.

COUNT ONE
RACKETEER INFLUENCED AND CORRUPTION ORGANIZATIONS ACT
18 U.S.C. § 1962(c)

184.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

185.    Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

## COUNT TWO
## RACKETEER INFLUENCED AND CORRUPTION ORGANIZATIONS ACT
## 18 U.S.C. § 1962(d)

191.   X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

## COUNT THREE
## FRAUDULENT FEDERAL TRADEMARK REGISTRATION

196.   X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

## COUNT FOUR
## FRAUD UPON THE PTO - TRADEMARK CANCELLATION

202.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

## COUNT FIVE
## UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN

207.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

## COUNT SIX
## COMMON LAW FRAUD

214.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

COUNT SEVEN
CONSPIRACY TO DEFRAUD

220.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

COUNT EIGHT
FLORIDA RICO ACT
FLORIDA STATUTE § 895.03(3)

228.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

COUNT NINE
FLORIDA RICO ACT
FLORIDA STATUTE § 895.03(4)

234.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

## COUNT TEN
### FLORIDA COMMUNICATIONS FRAUD ACT (" FCFA")
### FLORIDA STATUTE § 8l7.034(4)(a)

240.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

241.    Denied.

242.    Denied.

243.    Denied.

## COUNT ELEVEN
### FLORIDA COMMUNICATIONS FRAUD ACT C ("FCFA")
### FLORIDA STATUTE § 817.034(4)(b)

244.    X/Open incorporates the preceding responses to Gray's allegations in response to the allegations in this paragraph.

245.    Denied.

246.    Denied.

### X/OPEN'S AFFIRMATIVE DEFENSES

1.    This Court does not have personal jurisdiction over X/Open.

2.    Venue is improper in this Court.

3.    The issue of fraud on the PTO is best stayed and tried by the PTO.

4.    The issue of the ownership of the UNIX trademark and registrations is best stayed and tried by the PTO.

5.      Gray lacks standing to bring some or all of his claims.

6.      Gray's Complaint is barred by the litigation privilege.

7.      Gray's Complaint is barred by federal and/or state statutes of limitation.

8.      Gray's claims are barred by his undue delay in bringing this action.

9.      Gray comes to the Court with unclean hands.

10.     Gray has not suffered any harm as a result of X/Open's actions.

11.     X/Open owns the UNIX trademark and registrations.

12.     X/Open, Novell, and SCO have not misrepresented or conspired to misrepresent the ownership of the UNIX trademark or registrations.

13.     X/Open, Novell, and SCO have not used any false designations of origin, or false or misleading descriptions or representations of fact, concerning the licensing, registration, or ownership of the UNIX trademark and registrations.

14.     Neither X/Open, Novell, nor SCO procured the UNIX registrations.

15.     Gray's Complaint fails to state a claim upon which relief can be granted.

16.     Gray's Complaint is not pled with sufficient factual particularity.

Respectfully submitted,

Dated:  January 25, 2007

/s/ Evan A. Raynes
Mark Sommers, Esq.
Evan A. Raynes, Esq.
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:  202-408-4000
Facsimile:  202-408-4400
E-mail:  mark.sommers@finnegan.com
E-mail:  evan.raynes@finnegan.com

- and -

William Cooper Guerrant, Jr., Esq.
Florida Bar No. 516058
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, Florida  33602
Telephone:  813-221-3900
Facsimile:  813-221-2900
E-mail:  wguerrant@hwhlaw.com

Attorneys for Defendant X/Open Company Limited

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 25, 2007, I electronically filed this document with the Clerk of

the Court by using the CM/ECF system, which will send a notice of electronic filing to David L.

Partlow, dlppa@mindspring.com; E. Colin Thompson, colin.thompson@dlapiper.com; Fredrick

H. L. McClure, fredrick.mcclure@dlapiper.com; Karen C. Dyer, kdyer@bsfllp.com; and George

R. Coe, gcoe@bsfllp.com.

/s/ Evan A. Raynes
Attorney