# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| WAYNE R. GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No.:  8:06-cv-01950-JSM-TGW |
| NOVELL, INC., | ) |
| THE SCO GROUP, INC., and | ) |
| X/OPEN COMPANY LIMITED, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CASE MANAGEMENT REPORT

1.     **Meeting of Parties:**  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **February 27, 2007** at **9:00 a.m. EST**.  **The meeting was attended in person by the first three persons listed below at the offices of David L. Partlow, P.A., 2203 North Lois Avenue, Suite 900, Tampa, Florida, 33607, and by telephone by the last three persons listed below:**

| | |
|---|---|
| **Wayne R. Gray** | **Plaintiff** |
| **David L. Partlow** | **Counsel for Plaintiff** |
| **George R. Coe** | **Counsel for The SCO Group, Inc. ("SCO")** |
| **John P. Mullen** | **Counsel for Novell, Inc. ("Novell")** |
| **Mark Sommers** | **Counsel for Defendant X/Open Company** |
| **Evan A. Raynes** | **Limited ("X/Open")** |

2.     **Initial Disclosures:**

a.     Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:  (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to

support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

**X**          have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **March 27, 2007**.[2]

_____          stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____

_____

_____

_____

_____          have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____

_____

_____

_____

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

**3.**    **Discovery Plan - Plaintiff:**  The parties jointly propose the following discovery plan for Plaintiff:

a.    <u>Plaintiff's Planned Discovery</u>:  A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)    <u>Requests for Admission</u>:

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

**Plaintiff anticipates promulgating Requests for Admissions in accordance with the Federal Rules of Civil Procedure.  Such Requests for Admissions may be related to authenticity of documents, factual matters related to issues of liability and damages, and such other matters as may arise in discovery.  Such Requests for Admissions shall be served no later than 30 days prior to the fact discovery cutoff date.**

(2)    <u>Written Interrogatories</u>:

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

**Plaintiff anticipates promulgating Interrogatories in accordance with the Federal Rules of Civil Procedure.  Such Interrogatories may be related to identification of documents, factual matters related to liability and damages, and such other matters as may arise in discovery.  Such Interrogatories shall be served no later than 30 days prior to the fact discovery cutoff date.**

(3)    <u>Requests for Production or Inspection</u>:

**Plaintiff anticipates promulgating Requests for Production of Documents in accordance with the Federal Rules of Civil Procedure. Such Requests for Production of Documents may seek production of documents related to the issues in this case and will be served no later than 30 days prior to the fact discovery cutoff date.**

(4)    <u>Oral Depositions</u>:

**Plaintiff anticipates taking depositions in accordance with the Federal Rules of Civil Procedure.  Such depositions may be of fact witnesses (corporate and/or individual) and expert witnesses.**

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of the court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

b.    <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Plaintiff's expert reports:  March 31, 2008**
**Plaintiff's rebuttal expert reports:  May 31, 2008**

c.    <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**As provided in Fed. R. Civ. P. 26(e)(1) and (2).**

d.    <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before:

**Fact discovery:  February 29, 2008**
**Expert discovery:  July 31, 2008**

**4.    <u>Discovery Plan – Defendants</u>:**  The parties jointly propose the following discovery plan for Defendants:

a.    <u>Defendants' Planned Discovery</u>:  A description of every discovery effort Defendants plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)    <u>Requests for Admission</u>:

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

**Defendants will serve Requests for Admissions in accordance with the Federal Rules of Civil Procedure.  Such Requests for Admissions may be related to authenticity of documents, factual matters related to**

**issues of liability and damages, and such other matters as may arise in discovery. Such Requests for Admissions shall be served no later than 30 days prior to the fact discovery cutoff date.**

       (2)     <u>Written Interrogatories:</u>

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written <u>interrogatories</u> pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

**Defendants will serve Interrogatories in accordance with the Federal Rules of Civil Procedure. Such Interrogatories may be related to identification of documents, factual matters related to liability and damages, and such other matters as may arise in discovery. Such Interrogatories shall be served no later than 30 days prior to the fact discovery cutoff date.**

       (3)     <u>Requests for Production or Inspection:</u>

**Defendants will serve Requests for Production of Documents in accordance with the Federal Rules of Civil Procedure. Such Requests for Production of Documents may seek production of documents related to the issues in this case and will be served no later than 30 days prior to the fact discovery cutoff date.**

       (4)     <u>(Oral) Depositions:</u>

**Defendants will take depositions in accordance with the Federal Rules of Civil Procedure. Such depositions may be of fact witnesses (corporate and/or individual) and expert witnesses.**

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of the court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

    b.    <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Defendants' expert reports: April 30, 2008**
**Defendants' rebuttal expert reports: May 31, 2008**

   c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

    **As provided in Fed. R. Civ. P. 26(e)(1) and (2).**

   d. <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before:

    **Fact discovery:  February 29, 2008**
    **Expert discovery:  July 31, 2008**

  **5.** **<u>Joint Discovery Plan - Other Matters</u>:**  Parties agree on the following other matters relating to discovery (*e.g*., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

   **The parties have not yet agreed on a protective order governing confidential information and do not waive any rights with regard to such information.**

   **The parties agree that discovery should not be conducted in phases, except that fact discovery should precede expert discovery, as set forth above.**

   **The parties agree to produce documents and electronically stored information in paper or PDF format.**

  **6.** **<u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:**  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:

  **7.** **<u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:**  Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be as follows:  (Note time limit in Local Rule 4.03.)

   **Motions for leave to file third-party claims, to join parties, and to amend pleadings:   November 30, 2007**
   **Motions for summary judgment and all other dispositive motions: September 30, 2008**

  **8.** **<u>Settlement and Alternative Dispute Resolution</u>:**  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
____likely
**_X_**_unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

_____yes        **X**  no        _____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

**9.**    **Consent to Magistrate Judge Jurisdiction:**  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  See 28 U.S.C. § 636.

_____yes       **X**  no        _____likely to agree in future

**10.**    **Preliminary Pretrial Conference:**

Track Three Cases:  Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
____ request
 **X** do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

**11.**    **Final Pretrial Conference and Trial:**  Parties agree that they will be ready for a final pretrial conference on or after **January 31, 2009** and for trial on or after **a date to be determined by the Court**.  This **Jury  X  Non-Jury**____ trial is expected to take approximately ____ hours.

          **Due to the anticipated amount and complexity of discovery, the parties will provide the Court with an estimate of the length of the trial at the final pretrial conference.**

**12.**    **Pretrial Disclosures and Final Pretrial Procedures:**  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.    **Other Matters**:

**Not applicable.**

Dated: **March 5, 2007**

s/David L. Partlow
David L. Partlow
David L. Partlow, P.A.
2203 North Lois Avenue, Suite 900
Tampa, Florida  33607
Telephone:  813-287-8337
Facsimile:  813-287-8234
E-mail:  dlppa@mindspring.com

Attorneys for Plaintiff

s/Frederick H.L. McClure
Fredrick H.L. McClure
E. Colin Thompson
DLA Piper US LLP
101 E. Kennedy Boulevard
Suite 2000
Tampa, Florida  33602
Telephone:  813-229-2111
Facsimile:  813-229-1447
E-mail:  fredrick.mcclure@dlapiper.com
E-mail:  colin.thompson@dlapiper.com

        - and -

John P. Mullen
Heather M. Sneddon
Anderson & Karrenberg
700 Chase Tower
50 West Broadway
Salt Lake City, Utah  84101
Telephone:  801-534-1700
Facsimile:  801364-7697
E-mail:  jmullen@aklawfirm.com
E-mail:  hsneddon@aklawfirm.com

Attorneys for Defendant Novell, Inc.

s/George R. Coe
Karen Caudill Dyer
George R. Coe
Boies, Schiller & Flexner, LLP
255 S. Orange Avenue
Suite 905
Orlando, Florida  32801
Telephone:  407-425-7118
Facsimile:  407-425-7047
E-mail:  kdyer@bsfllp.com
E-mail:  gcoe@bsfllp.com

Attorneys for Defendant The SCO Group, Inc.

s/Evan A. Raynes
Mark Sommers
Evan A. Raynes
Finnegan, Henderson, et al.
901 New York Avenue, NW
Washington, D.C.  20001-4413
Telephone:  202-408-4000
Facsimile:  202-408-4400
E-mail:  mark.sommers@finnegan.com
E-mail:  evan.raynes@finnegan.com

        - and -

William C. Guerrant, Jr.
Florida Bar No. 516058
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone:  813-221-3900
Facsimile:  813-221-2900
E-mail:  wguerrant@hwhlaw.com

Attorneys for Defendant X/Open Company
Limited

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 5, 2007, I electronically filed the foregoing CASE

MANAGEMENT REPORT with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to:  David L. Partlow, David L. Partlow, P.A., 2203 North

Lois Avenue, Suite 900, Tampa, Florida  33607, <u>dlppa@mindspring.com</u>; Fredrick H.L.

McClure and E. Colin Thompson, DLA Piper US LLP, 101 E. Kennedy Boulevard, Suite 2000,

Tampa, Florida  33602, <u>fredrick.mcclure@dlapiper.com</u>, <u>colin.thompson@dlapiper.com</u>; Karen

C. Dyer and George R. Coe, Boies, Schiller & Flexner, LLP, 255 S. Orange Avenue, Suite 905,

Orlando, Florida  32801, <u>kdyer@bsfllp.com</u>, <u>gcoe@bsfllp.com</u>; and John P. Mullen and Heather

M. Sneddon, Anderson & Karrenberg, 700 Chase Tower, 50 West Broadway, Salt Lake City,

Utah  84101, <u>jmullen@aklawfirm.com</u>, <u>hsneddon@aklawfirm.com</u>.


<u>s/Evan A. Raynes                        </u>