IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE R. GRAY,

              Plaintiff,

vs.

NOVELL, INC., and
THE SCO GROUP, INC., and
X/OPEN COMPANY LIMITED,

              Defendants.

CASE NO.: 8:06-cv-01950-T-30TGW

## PLAINTIFF'S MOTION TO SEAL, WITH COMBINED BRIEF

Plaintiff Wayne R. Gray moves this Court for an order sealing certain documentation to be filed by Plaintiff, pursuant to M.D. Fla. R. 1.09 (a). The particulars behind this request are as follows.

Gray v. Novell, Inc. et al                                            Doc. 39

(i) Identification of each item: Tripartite 1996 "Confirmation Agreement" executed by Novell, Inc., X/Open Company, Ltd., and The Santa Cruz Operation, Inc. (predecessor of SCO), effective September 4, 1996 (3 pages) and transmittal memo from Burt Levine dated September 17, 1996 (1 page).

(ii) Reason filing is necessary: These two documents are the object of Plaintiff's motion to declassify same, filed concurrently herewith, and are needed in order for the Court to properly decide such motion.

(iii) Reason sealing is necessary: These documents were obtained from Defendant SCO (with apparent consent of Defendants Novell and/Open) by the undersigned counsel for

Plaintiff on May 19, 2004 after service of a subpoena for documents in another action (TTAB Opposition styled *X/Open vs. Gray*); the transmittal memo is marked "CONFIDENTIAL" and the Confirmation Agreement is marked "CONFIDENTIAL Attorney's Eyes Only," and it was agreed at the time that even the client, Wayne R. Gray, would not be permitted to view those documents, and that the undersigned counsel for Plaintiff herein would hold such documents in confidence.

  (iv) Reason that means other than sealing is unavailable: Defendants have refused to permit open filing of said documents, and there appears to be no other means of providing said documents to the Court.

  (v) Proposed duration of the seal: Until the concurrent motion to declassify same is decided.

  (vi) Supporting memorandum:

Plaintiff desires to openly file these two documents in future filings, and to use them in discovery in this case. Plaintiff Wayne R. Gray is intimately involved with the prosecution of the present case, including investigation and research as well as the initial drafting of most pleadings and documents, and yet has not been permitted to see these documents in the absence of a confidentiality agreement, much less use them for filing. Said Confirmation Agreement, as shown in the motion to declassify filed concurrently herewith, is apparently considered by at least Novell to be highly pertinent to the trademark issues which are at the basis of this case, and stated by X/Open to be "dispositive" of Gray's claim of chain of title of the UNIX marks. It also appears to the undersigned counsel for Plaintiff that these documents will also be highly pertinent to the fraud issues in the present case. Thus

Plaintiff has been forced to file the concurrent motion to declassify said documents, and said motion cannot be decided without consideration of said documents by this Court. Considering the agreement by the undersigned counsel for Plaintiff to maintain the confidentiality of these documents upon receiving them three years ago, it is necessary to file these documents under seal in order for this Court to properly consider the currently pending motion to declassify same, which filing under seal is specifically permitted by M.D. Fla. R. 1.09 (a).

Plaintiff has conferred with counsel for the Defendants with respect to this motion: SCO does not object, but Novell and X/Open have not responded, and therefore the undersigned counsel for Plaintiff cannot make a complete M.D. Fla. R. 3.01(g) certification to the Court. A more complete certification will be made if said Defendants respond prior to the filing of their responsive briefs.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order pursuant to M.D. Fla. R. 1.09 (a) permitting the filing of said 1996 Confirmation Agreement and its transmittal memo under seal.

Respectfully submitted,

_____
David L. Partlow, FBN 239682
David L. Partlow, P.A.
P.O. Box 82963
Tampa, FL 33682-2963
(813) 287-8337; FAX (813) 287-8234
dlppa@mindspring.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _May 17 2007_, I electronically filed the above document with the Clerk using the CM/ECF system, which will send electronic notice to: Karen C. Dyer and George R. Coe of Boies, Schiller et al., 225 S. Orange Ave., Suite 905, Orlando, FL 32801; William Cooper Guerrant, Jr. of Hill, Ward & Henderson, P.A., P.O. Box 2231, Tampa, FL 33601-2231; Evan A. Raynes and Mark Sommers of Finnegan, Henderson et al., 901 New York Avenue, N.W., Washington, D.C. 20001-4413; Frederick H.L. McClure and E. Colin Thompson of DLA Piper US, 101 E. Kennedy Blvd., Suite 2000, Tampa, FL 33602-5148; and Thomas R. Karrenberg, John P. Mullen and Heather M. Sneddon of Anderson & Karrenberg, 700 Chase Tower, 50 West Broadway, Salt Lake City, UT 84101-2035.

David L. Partlow