WAYNE R. GRAY V. NOVELL, INC., ET AL
CASE NO.: 8:06-CV-01950-JSM-TGW

DECLARATION OF EVAN A. RAYNES IN SUPPORT OF
X/OPEN'S OPPOSITION TO PLAINTIFF'S MOTION TO
DECLASSIFY THE 1996 SCO-NOVELL-X/OPEN CONFIDENTIALITY AGREEMENT

# EXHIBIT 3

Dockets.Justia.com

**Raynes, Evan**

| | |
|---|---|
| **From:** | John P. Mullen [jmullen@aklawfirm.com] |
| **Sent:** | Tuesday, April 10, 2007 2:04 PM |
| **To:** | Raynes, Evan; dlppa@mindspring.com |
| **Cc:** | Sommers, Mark; Coe_George; Heather Sneddon; Thomas R. Karrenberg |
| **Subject:** | RE: Gray v. Novell et al. |

Novell has no Objection.

**John P. Mullen**
**jmullen@aklawfirm.com**
**801-534-1700**
**Anderson & Karrenberg**
**50 West 300 South Suite 700**
**Salt Lake City, Utah 84101**

---

**From:** Raynes, Evan [mailto:evan.raynes@finnegan.com]
**Sent:** Tuesday, April 10, 2007 10:23 AM
**To:** dlppa@mindspring.com
**Cc:** Sommers, Mark; Coe_George; John P. Mullen
**Subject:** RE: Gray v. Novell et al.

David:

We have spoken with our client about your request to declassify the September 4, 1996 Confirmation Agreement.

X/Open believes that entering into a standing protective order would make more sense than dealing with confidentiality issues on a piecemeal basis. However, to accommodate Gray's immediate request, X/Open agrees that Gray may see the Confirmation Agreement, provided that he agrees to the same restrictions that would apply to CONFIDENTIAL documents pursuant to a standing protective order, and provided that the other defendants do not object.

Specifically, X/Open will provide you with a copy of the Confirmation Agreement marked CONFIDENTIAL under the conditions that:

1. Other than outside counsel, only Gray can see the agreement.

X/Open contemplates that outside experts would also be permitted to see CONFIDENTIAL documents under a standing protective order if they sign a Secrecy Agreement concerning the use of such documents, but only once a protective order is signed.

2. The Confirmation Agreement will be used only for the purpose of preparing and conducting this litigation, including any mediation related to this litigation, and will not be used by or on behalf of any party or person to whom it is disclosed for any other purpose whatsoever, including but not limited to any business, commercial, competitive, financial, informational, personal, or other purpose, or other litigation in any forum, including any administrative forum. In particular, the Confirmation Agreement, including the existence of the agreement, may not be disclosed, disseminated, or revealed to or discussed with any third party, in full or summary form, in general or specific terms, or directly or indirectly, including without limitation: customers, licensees, retailers, wholesalers, distributors, and members of the parties; trade, industry, professional, or personal contacts of any kind; correspondents or other personnel from the print or electronic press, including members of the trade press and the legal press; websites to which content of any type can be added; electronic or print publications of any type; secretarial and clerical personnel of persons permitted access to the Confirmation Agreement, unless they have been informed of the above obligations and verbally agree to such obligations; and outside experts or consultants, or prospective experts or consultants, unless they sign the Secrecy Agreement attached to the standing protective order that will be entered into in this case, whether retained or not.

3. The Confirmation Agreement and all court filings (or portions of such filings) discussing the contents of the Confirmation will be filed under seal.

4. The above restrictions will apply in perpetuity, including after the conclusion of this case.

5. All copies of the Confirmation Agreement, whether in print or electronic form, will be returned within 30 days of the conclusion of this

4/11/2007

case. Alternatively, Gray may destroy all copies of the Confirmation Agreement and provide sworn confirmation of the destruction within 30 days of the conclusion of this case.

Please confirm that Gray agrees to the above conditions. Once we receive your confirmation, we will provide you with a copy of the Confirmation Agreement marked CONFIDENTIAL, again, provided that the other defendants do not object.

Please note that this accommodation does not apply to any other documents, and that all other confidential documents provided in this case will be produced only pursuant to a standing protective order.

Sincerely,

Evan A. Raynes
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4114
Facsimile: 202.408.4400
E-mail: evan.raynes@finnegan.com

---

**From:** Raynes, Evan
**Sent:** Monday, April 09, 2007 4:26 PM
**To:** 'dlppa@mindspring.com'
**Cc:** Sommers, Mark; Guerrant_William C.; Coe_George; Mullen_John P_Esquire
**Subject:** RE: Gray v. Novell et al.

David:

We are perfectly willing to discuss any discovery issue with you in good faith, but giving us 24 hours to declassify the Confirmation Agreement is unreasonable, particularly given that our client is based in England. Further, we do not see the need to file a motion tomorrow given that your responses to our discovery requests are not due until May 2, 2007 and that discovery does not close until July 29, 2008.

We believe that some accommodation can be reached as to the treatment of this and hopefully other confidential documents based on strict limitations on the use of confidential information by your client and the defendants, provided of course that the other defendants agree to such an approach. However, we have not yet had an opportunity to talk to our client about this issue in view of the short notice. We have contacted our client about this, and will get back to you as soon as possible, hopefully tomorrow.

Sincerely,

Evan A. Raynes
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4114
Facsimile: 202.408.4400
E-mail: evan.raynes@finnegan.com

---

**From:** David Partlow [mailto:dlppa@mindspring.com]
**Sent:** Monday, April 09, 2007 10:04 AM
**To:** Raynes, Evan; Sommers, Mark
**Cc:** Dyer_Karen; Coe_George; Guerrant_William C.; McClure, Fredrick H.L.; Thompson, E. Colin; Mullen_John P_Esquire; Sneddon_Heather
**Subject:** Gray v. Novell et al.

4/11/2007

We are experiencing some difficulty in formulating discovery due to the fact that Wayne Gray has not been permitted to view the 1996 Confirmation Agreement furnished to me by SCO and termed by Novell to be dispositive of the TTAB case, which has been classified "Highly Confidential--Attorneys Eyes Only." I'm sure you will remember that Novell and SCO previously granted that permission in the underlying TTAB case, but we have a difference of opinion as to whether or not you also granted that permission. I have decided to file a motion not later than tomorrow morning to completely declassify that document, unless I can show it to him now. Please let me know your present position.

/s/ David L. Partlow

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

4/11/2007