**WAYNE R. GRAY V. NOVELL, INC., ET AL**
**CASE NO.: 8:06-CV-01950-JSM-TGW**

DECLARATION OF EVAN A. RAYNES IN SUPPORT OF
X/OPEN'S OPPOSITION TO PLAINTIFF'S MOTION TO
DECLASSIFY THE 1996 SCO-NOVELL-X/OPEN CONFIDENTIALITY AGREEMENT

# EXHIBIT 4

Dockets.Justia.com

## Raynes, Evan

| | |
|---|---|
| **From:** | George Coe [gcoe@BSFLLP.com] |
| **Sent:** | Friday, April 20, 2007 2:38 PM |
| **To:** | David L. Partlow; Raynes, Evan; Sommers, Mark |
| **Cc:** | Karen Dyer; Mullen_John P_Esquire; Sneddon_Heather |
| **Subject:** | RE: Gray v. Novell et al. |

David,

In response to your message, we believe that a Protective Order will be necessary in this case to govern the terms of use of the parties' confidential information and documents that may be produced in this action and fail to see any advantage to deferring this issue until later. Nonetheless, as a temporary resolution of your request, SCO will agree to permit your client to review the 1996 Confirmation Agreement ("Agreement") on the terms proposed by counsel for X/Open, under the additional conditions that (1) when a Protective Order is entered in this case, the use of the Agreement will be governed by the terms of that Protective Order; and (2) all of the other parties to the Agreement consent.

Please let me know if you and your client agree to the terms of this proposal.

George R. Coe
Boies, Schiller & Flexner LLP
255 South Orange Ave.
Suite 905
Orlando, FL 32801
(407) 425-7118

> -----Original Message-----
> **From:** David L. Partlow [mailto:dlppa@mindspring.com]
> **Sent:** Tuesday, April 17, 2007 8:53 PM
> **To:** George Coe; Raynes,Evan; Sommers_Mark
> **Cc:** Karen Dyer; Mullen_John P_Esquire; Sneddon_Heather
> **Subject:** RE: Gray v. Novell et al.
>
> I just got your message. The trouble we have been having is in formulating discovery requests to the defendants, in no small part because Mr. Gray is deeply involved in the details of this case and should have all relevant information in order to be able to operate effectively. Possibly it may be necessary to do as you suggest some time in the future, but we are not willing to go that route unless and until it becomes absolutely necessary. Accordingly, the answer is no.
>
> /s/ David L. Partlow
>
>> -----Original Message-----
>> From: George Coe
>> Sent: Apr 11, 2007 11:36 PM
>> To: dlppa@mindspring.com, "Raynes, Evan" , Sommers_Mark
>> Cc: Karen Dyer , Mullen_John P_Esquire , Sneddon_Heather
>> Subject: RE: Gray v. Novell et al.
>>
>> David:
>>
>> We have had the opportunity to confer with SCO regarding your request. SCO is reluctant to deal with the confidentiality of documents on a case-by-case basis. Would you agree to the entry of a protective order at this time that would cover the 1996 Confirmation Agreement as well as confidential documents that may be produced during the course of this litigation?
>>
>> George Coe
>>
>>> -----Original Message-----
>>> **From:** David Partlow [mailto:dlppa@mindspring.com]

**Sent:** Monday, April 09, 2007 10:04 AM
**To:** Raynes, Evan; Sommers_Mark
**Cc:** Karen Dyer; George Coe; Guerrant_William C.; McClure, Fredrick H.L.; Thompson, E. Colin; Mullen_John P_Esquire; Sneddon_Heather
**Subject:** Gray v. Novell et al.

We are experiencing some difficulty in formulating discovery due to the fact that Wayne Gray has not been permitted to view the 1996 Confirmation Agreement furnished to me by SCO and termed by Novell to be dispositive of the TTAB case, which has been classified "Highly Confidential--Attorneys Eyes Only." I'm sure you will remember that Novell and SCO previously granted that permission in the underlying TTAB case, but we have a difference of opinion as to whether or not you also granted that permission. I have decided to file a motion not later than tomorrow morning to completely declassify that document, unless I can show it to him now. Please let me know your present position.

/s/ David L. Partlow

*********************************************************************************
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************************

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]