**WAYNE R. GRAY V. NOVELL, INC., ET AL**
**CASE NO.: 8:06-CV-01950-JSM-TGW**

DECLARATION OF EVAN A. RAYNES IN SUPPORT OF
X/OPEN'S OPPOSITION TO PLAINTIFF'S MOTION TO
DECLASSIFY THE 1996 SCO-NOVELL-X/OPEN CONFIDENTIALITY AGREEMENT

# EXHIBIT 7

Dockets.Justia.com

Gray v. Novell, Inc. et al    Doc. 43 Att. 7

**Raynes, Evan**

| | |
|---|---|
| **From:** | David Partlow [dlppa@mindspring.com] |
| **Sent:** | Saturday, May 12, 2007 6:18 PM |
| **To:** | John P. Mullen; Coe_George; Dyer_Karen; Guerrant_William C.; Thomas R. Karrenberg; McClure, Fredrick H.L.; Heather Sneddon; Sommers, Mark; Raynes, Evan; Thompson, E. Colin |
| **Cc:** | John P. Mullen |
| **Subject:** | RE: Declassifying the 1996 Confirmation Agreement |

I sent Heather Sneddon an e-mail message agreeing to the requested extension for discovery responses.

As to your expressed major concern regarding declassifying the 1996 Confirmation Agreement, it is most certainly not my client's desire to declassify that document for the simple purpose of publicizing it or publishing it on the Internet or elsewhere on sites such as GrokLaw. It is our intent to use it in the proper forum. As you must realize, my client regularly checks various sites on the Internet, including but certainly not limited to GrokLaw, but that is for the purpose of harvesting information, which has been quite helpful. Some time ago I mentioned to Evan Raynes and/or you that my client is not what one would call a "blogger." Indeed, we feel very strongly that this fight should be maintained in the proper forum, which is the courtroom, not in the media, much less GrokLaw or some other blog. We are, in fact, very wary of this as we certainly do not want to give the Judge the impression of fighting a parallel battle somewhere else, which could only hurt us in the c ourtroom.


/s/ David L. Partlow



----- Original Message -----
**From:** John P. Mullen
**To:** dlppa@mindspring.com;Coe_George;Dyer_Karen;Guerrant_William C.;Thomas R. Karrenberg;McClure, Fredrick H.L.;Heather Sneddon;Sommers, Mark;Raynes, Evan;Thompson, E. Colin
**Cc:** John P. Mullen
**Sent:** 5/11/2007 8:13:35 PM
**Subject:** RE: Declassifying the 1996 Confirmation Agreement

Dear David:

I noticed in paragraph 113 of the Complaint and in your e-mail, you have made the claim that "counsel for Novell has previously advised me that it [Confirmation Agreement] was to be considered dispositive of the trademark issues." In fact, the Complaint claims that I made this statement in a May 24, 2004 Letter. I have attached the May 24 2004 Letter. As you will note, what I actually stated was "In addition, we understand from speaking with Mr. Ryan Tibbets, counsel for SCO, that he has been in touch with you and that SCO will be providing documents that resolve Mr. Gray's claim, and, in fact contradict Mr. Gray's position. Although we understand that Mr. Gray may not be willing to concede that the documents that SCO will supply are dispositive of the issue before TTAB, it is Novell's position that SCO's documents will shed a grea t deal of light on Mr. Gray's claims regarding ownership of the trademark." Please quote me correctly in the future.

As for a response to your e-mail below, I will consider it over the weekend. My major concern is that your client intends to publish the document on the Internet on sites such as GrokLaw, etc, or use it for publicity purposes. I would like reassurances that this is not the case.

Additionally, yesterday in an email, we requested a 30-day extension for Novell to respond to Mr. Gray's First Set of Interrogatories, Requests for Documents and Requests for Admissions. Please let me know if this would be acceptable. Thank you.


**John P. Mullen**

5/14/2007

jmullen@aklawfirm.com
801-534-1700
Anderson & Karrenberg
50 West 300 South Suite 700
Salt Lake City, Utah 84101

---

**From:** David Partlow [mailto:dlppa@mindspring.com]
**Sent:** Friday, May 11, 2007 2:21 PM
**To:** Coe_George; Dyer_Karen; Guerrant_William C.; Thomas R. Karrenberg; McClure, Fredrick H.L.; John P. Mullen; Heather Sneddon; Sommers_Mark; Raynes, Evan; Thompson, E. Colin
**Subject:** Declassifying the 1996 Confirmation Agreement

I have carefully considered your objections to and comments on my proposals concerning the 1996 Confirmation Agreement, and I have thoroughly discussed them with my client. In addition, we have taken a rather close look at the law concerning confidentiality of documents such as this, and I have compared that research to this simple document.

The 1996 Confirmation Agreement appears to be a rather benign document in and of itself, unless fraud was involved. However, counsel for Novell has previously advised me that it was to be considered dispositive of the trademark issues. The more I look at our fraud claims in the present case, the more I am inclined to agree with Novell's position, but probably not in the way that the statement was intended. In any event, it clearly deals directly with the trademark issues.

Although we were able to promulgate a considerable amount of the discovery inquiries which we desired, we were not able to go into everything that we wanted because I was not able to discuss this with my client, and not able to freely use the 1996 Confirmation Agreement.

We have never been informed of any substantial business reason whatsoever why this document should be confidential, let alone "Highly Confidential" as has been claimed. In addition, it is over 10 years old at this point, and without rather extreme specific justification, essentially on a line-by-line basis, courts do not tend to treat such documents as confidential in any way whatsoever unless trade secrets are involved.

Accordingly, it is now our position that there should be no restrictions whatsoever placed upon the use of the 1996 Confirmation Agreement. If we do not receive agreement with this proposal by noon on Wednesday, May 16, 2007, I intend to file the appropriate motion. I look forward to your respective responses.


/s/ David L. Partlow

5/14/2007