**WAYNE R. GRAY V. NOVELL, INC., ET AL**
**CASE NO.: 8:06-CV-01950-JSM-TGW**

DECLARATION OF EVAN A. RAYNES IN SUPPORT OF
X/OPEN'S OPPOSITION TO PLAINTIFF'S MOTION TO
DECLASSIFY THE 1996 SCO-NOVELL-X/OPEN CONFIDENTIALITY AGREEMENT

# EXHIBIT 10

Dockets.Justia.com

**Raynes, Evan**

| | |
|---|---|
| From: | George Coe [gcoe@BSFLLP.com] |
| Sent: | Tuesday, May 29, 2007 5:55 PM |
| To: | Sommers, Mark; Raynes, Evan |
| Subject: | FW: Motion to seal |

```
-----Original Message-----
From: George Coe
Sent: Thursday, May 17, 2007 9:35 AM
To: 'dlppa@mindspring.com'
Cc: Karen Dyer
Subject: RE: Motion to seal


David,

I do not know what "totally declassify" means and would ask that you
reconsider filing your motion with regard to SCO given SCO has agreed to your
request as SCO understands it.  You had previously requested that your
client needed to review the document to issue discovery and you wished to be
able to file the document without filing under seal.  We have agreed to both
of those conditions.  You also represented that your client would not publish
the document on the internet or in other media.  To the extent you wish to
retract that statement please let me know.

Sincerely,
George Coe


-----Original Message-----
From: David Partlow [mailto:dlppa@mindspring.com]
Sent: Wednesday, May 16, 2007 5:50 PM
To: George Coe
Cc: Karen Dyer
Subject: Re: Motion to seal



Your message is not responsive to the question of totally declassifying the
documents--it only addresses the issue of my client seeing them.
Accordingly, I will take your response as negative, and so report it in my
motion, which I expect to file tomorrow.


/s/   David L. Partlow


> [Original Message]
> From: George Coe <gcoe@BSFLLP.com>
> To: <dlppa@mindspring.com>
> Cc: Karen Dyer <kdyer@BSFLLP.com>
> Date: 5/16/2007 4:05:33 PM
> Subject: Re: Motion to seal
>
> David,
>
> Although we have sought to reach a reasonable compromise to permit
> your client to review the 1996 Confirmation Agreement, we do not
> believe that
the
> issue merits motion practice before the Court. Based on your
```

1

```
representation
> that your client will not publish the document, we will withdraw our
> objection to your client reviewing this document. SCO's position
> should
not
> be construed as our taking the position that other parties do not have
> the right to request reasonable confidentiality provisions for this
> document.

>
> Please contact me if you have any questions.
>
> ----- Original Message -----
> From: David Partlow <dlppa@mindspring.com>
> To: George Coe; Karen Dyer; Guerrant_William C.
> <wguerrant@hwhlaw.com>; Karrenberg_Thomas R.
> <tkarrenberg@aklawfirm.com>; McClure, Fredrick H.L.
> <fredrick.mcclure@dlapiper.com>; Mullen_John P_Esquire
> <jmullen@aklawfirm.com>; Raynes, Evan <evan.raynes@finnegan.com>;
> Sneddon_Heather <HeatherSneddon@aklawfirm.com>; Sommers_Mark
> <mark.sommers@finnegan.com>; Thompson, E. Colin
<Colin.Thompson@dlapiper.com>
> Sent: Wed May 16 13:40:30 2007
> Subject: Motion to seal
>
>
>
> Attached is a motion to seal documents that I intend to file
> concurrently with my motion to declassify the Confirmation Agreement
> and its
transmittal
> memo.  Please let me know if you agree with the motion to seal so that
> I
can
> make the appropriate representation to the Court.
>
>
> /s/ David L. Partlow
>
>
>
***************************************************************
*********
> IRS Circular 230 disclosure:
> To ensure compliance with requirements imposed by the IRS, unless we
expressly state otherwise, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments) is not intended
or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.
>
***************************************************************
*********
> The information contained in this electronic message is confidential
information intended only for the use of the named recipient(s) and may
contain information that, among other protections, is the subject of
attorney-client privilege, attorney work product or exempt from disclosure
under applicable law. If the reader of this electronic message is not the
named recipient, or the employee or agent responsible to deliver it to the
named recipient, you are hereby notified that any dissemination,
distribution, copying or other use of this communication is strictly
prohibited and no privilege is waived. If you have received this
communication in error, please immediately notify the sender by replying to
this electronic message and then deleting this electronic message from your
computer. [v.1]
```

2