**WAYNE R. GRAY V. NOVELL, INC., ET AL**
**CASE NO.: 8:06-CV-01950-JSM-TGW**

DECLARATION OF EVAN A. RAYNES IN SUPPORT OF
X/OPEN'S OPPOSITION TO PLAINTIFF'S MOTION TO
DECLASSIFY THE 1996 SCO-NOVELL-X/OPEN CONFIDENTIALITY AGREEMENT

# EXHIBIT 11

Dockets.Justia.com

Gray v. Novell, Inc. et al

Doc. 43 Att. 11

**Raynes, Evan**

---

**From:** George Coe [gcoe@BSFLLP.com]
**Sent:** Tuesday, May 29, 2007 5:58 PM
**To:** Sommers, Mark; Raynes, Evan
**Subject:** FW: Confirmation Agreement

-----Original Message-----
**From:** David Partlow [mailto:dlppa@mindspring.com]
**Sent:** Thursday, May 17, 2007 11:28 AM
**To:** George Coe
**Cc:** Karen Dyer
**Subject:** RE: Confirmation Agreement

Thank you.


/s/ David L. Partlow



> ----- Original Message -----
> **From:** George Coe
> **To:** dlppa@mindspring.com
> **Cc:** Karen Dyer
> **Sent:** 5/17/2007 11:25:29 AM
> **Subject:** RE: Confirmation Agreement
>
> SCO consents to the use of the document as you have described below and you should reflect that in your motion. As I previously stated, SCO's agreement that Gray may review this document and use it as described below should not be construed as SCO's taking the position that other parties do not have the right to request reasonable confidentiality provisions for this document. Moreover, SCO's agreement that your client may review this document is without prejudice to our position that other documents in this case are confidential and will be produced in this litigation only after the entry of an appropriate Protective Order.
>
> Please contact me if you have any other questions regarding this issue.
>
> Sincerely,
> George Coe
>
>> -----Original Message-----
>> **From:** David Partlow [mailto:dlppa@mindspring.com]
>> **Sent:** Thursday, May 17, 2007 11:00 AM
>> **To:** George Coe
>> **Cc:** Karen Dyer
>> **Subject:** Confirmation Agreement
>>
>> Perhaps I did not understand clearly the position being taken by SCO. It is our position that Mr. Gray needs to be able to review the document in question, initially and primarily for investigation, discovery, and filing (not under seal) in the present litigation in which we are involved. We also wish to be able to file it (not under seal) in any other appropriate forum as we see fit. The only other forum that we are aware of right now is the TTAB, for the two opposition proceedings on iNUX and UNIXWARE. In the future we expect there may be other courts and/or tribunals where we would also wish to file it.
>>
>> As I explained in a previous e-mail message in response to an inquiry from John Mullen, we don't have any plans to publicize the Confirmation Agreement (or any other part of this case for that matter) in a place such as a blog.

However, as stated in our Complaint herein for example, Mr. Gray is concerned about his personal reputation as well as that of iNUX, and accordingly if someone were to attack either of those on the Internet, he would want to be free to respond in any way he felt to be appropriate, including but not limited to publication on that site of the Confirmation Agreement. I really don't anticipate this happening, but it is our intent to acquire the right to use the Confirmation Agreement when and where we see fit, without any restriction, and I think that's what the Court will give us. This is what I meant by "totally declassifying" the document.

If it is the position being taken by SCO that we can use the Confirmation Agreement as described above, then I suggest that it would be appropriate for me to report both in the motion to declassify it and in the motion to file it under seal that SCO does not object. Do you agree?

/s/ David L. Partlow

*********************************************************************
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]