# EXHIBIT 1

## George Coe

| | |
|---|---|
| **From:** | George Coe |
| **Sent:** | Thursday, May 17, 2007 11:25 AM |
| **To:** | 'dlppa@mindspring.com' |
| **Cc:** | Karen Dyer |
| **Subject:** | RE: Confirmation Agreement |

SCO consents to the use of the document as you have described below and you should reflect that in your motion. As I previously stated, SCO's agreement that Gray may review this document and use it as described below should not be construed as SCO's taking the position that other parties do not have the right to request reasonable confidentiality provisions for this document. Moreover, SCO's agreement that your client may review this document is without prejudice to our position that other documents in this case are confidential and will be produced in this litigation only after the entry of an appropriate Protective Order.

Please contact me if you have any other questions regarding this issue.

Sincerely,
George Coe

> -----Original Message-----
> **From:** David Partlow [mailto:dlppa@mindspring.com]
> **Sent:** Thursday, May 17, 2007 11:00 AM
> **To:** George Coe
> **Cc:** Karen Dyer
> **Subject:** Confirmation Agreement
>
> Perhaps I did not understand clearly the position being taken by SCO. It is our position that Mr. Gray needs to be able to review the document in question, initially and primarily for investigation, discovery, and filing (not under seal) in the present litigation in which we are involved. We also wish to be able to file it (not under seal) in any other appropriate forum as we see fit. The only other forum that we are aware of right now is the TTAB, for the two opposition proceedings on iNUX and UNIXWARE. In the future we expect there may be other courts and/or tribunals where we would also wish to file it.
>
> As I explained in a previous e-mail message in response to an inquiry from John Mullen, we don't have any plans to publicize the Confirmation Agreement (or any other part of this case for that matter) in a place such as a blog. However, as stated in our Complaint herein for example, Mr. Gray is concerned about his personal reputation as well as that of iNUX, and accordingly if someone were to attack either of those on the Internet, he would want to be free to respond in any way he felt to be appropriate, including but not limited to publication on that site of the Confirmation Agreement. I really don't anticipate this happening, but it is our intent to acquire the right to use the Confirmation Agreement when and where we see fit, without any restriction, and I think that's what the Court will give us. This is what I meant by "totally declassifying" the document.
>
> If it is the position being taken by SCO that we can use the Confirmation Agreement as described above, then I suggest that it would be appropriate for me to report both in the motion to declassify it and in the motion to file it under seal that SCO does not object. Do you agree?

6/2/2007

/s/ David L. Partlow

6/2/2007

# EXHIBIT 2

**George Coe**

| | |
|---|---|
| From: | George Coe |
| Sent: | Thursday, May 17, 2007 9:35 AM |
| To: | 'dlppa@mindspring.com' |
| Cc: | Karen Dyer |
| Subject: | RE: Motion to seal |

David,

I do not know what "totally declassify" means and would ask that you reconsider filing your motion with regard to SCO given SCO has agreed to your request as SCO understands it. You had previously requested that your client needed to review the document to issue discovery and you wished to be able to file the document without filing under seal. We have agreed to both of those conditions. You also represented that your client would not publish the document on the internet or in other media. To the extent you wish to retract that statement please let me know.

Sincerely,
George Coe


-----Original Message-----
From: David Partlow [mailto:dlppa@mindspring.com]
Sent: Wednesday, May 16, 2007 5:50 PM
To: George Coe
Cc: Karen Dyer
Subject: Re: Motion to seal



Your message is not responsive to the question of totally declassifying the documents--it only addresses the issue of my client seeing them.
Accordingly, I will take your response as negative, and so report it in my motion, which I expect to file tomorrow.


/s/  David L. Partlow


> [Original Message]
> From: George Coe <gcoe@BSFLLP.com>
> To: <dlppa@mindspring.com>
> Cc: Karen Dyer <kdyer@BSFLLP.com>
> Date: 5/16/2007 4:05:33 PM
> Subject: Re: Motion to seal
>
> David,
>
> Although we have sought to reach a reasonable compromise to permit
> your client to review the 1996 Confirmation Agreement, we do not
> believe that the
> issue merits motion practice before the Court. Based on your representation
> that your client will not publish the document, we will withdraw our
> objection to your client reviewing this document. SCO's position
> should not
> be construed as our taking the position that other parties do not have
> the right to request reasonable confidentiality provisions for this
> document.
>

1

```
> Please contact me if you have any questions.
>
> ----- Original Message -----
> From: David Partlow <dlppa@mindspring.com>
> To: George Coe; Karen Dyer; Guerrant_William C.
> <wguerrant@hwhlaw.com>; Karrenberg_Thomas R.
> <tkarrenberg@aklawfirm.com>; McClure, Fredrick H.L.
> <fredrick.mcclure@dlapiper.com>; Mullen_John P_Esquire
> <jmullen@aklawfirm.com>; Raynes, Evan <evan.raynes@finnegan.com>;
> Sneddon_Heather <HeatherSneddon@aklawfirm.com>; Sommers_Mark
> <mark.sommers@finnegan.com>; Thompson, E. Colin
<Colin.Thompson@dlapiper.com>
> Sent: Wed May 16 13:40:30 2007
> Subject: Motion to seal
>
>
>
> Attached is a motion to seal documents that I intend to file
> concurrently with my motion to declassify the Confirmation Agreement
> and its
transmittal
> memo.  Please let me know if you agree with the motion to seal so that
> I
can
> make the appropriate representation to the Court.
>
>
> /s/ David L. Partlow
>
>
>
**************************************************************************
*********
> IRS Circular 230 disclosure:
> To ensure compliance with requirements imposed by the IRS, unless we
expressly state otherwise, we inform you that any U.S. federal tax advice contained in
this communication (including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code
or (ii) promoting, marketing or recommending to another party any transaction or matter
addressed herein.
>
**************************************************************************
*********
> The information contained in this electronic message is confidential
information intended only for the use of the named recipient(s) and may contain
information that, among other protections, is the subject of attorney-client privilege,
attorney work product or exempt from disclosure under applicable law. If the reader of
this electronic message is not the named recipient, or the employee or agent responsible
to deliver it to the named recipient, you are hereby notified that any dissemination,
distribution, copying or other use of this communication is strictly prohibited and no
privilege is waived. If you have received this communication in error, please immediately
notify the sender by replying to this electronic message and then deleting this electronic
message from your computer. [v.1]
```

# EXHIBIT 3

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

X/OPEN COMPANY LIMITED,

          Opposer,

vs.

WAYNE R. GRAY,

          Applicant.
_____/

Opposition No. 91122524

Application Serial No. 75/680,034

Mark: INUX

## APPLICANT'S COMBINED MOTION AND BRIEF TO SUSPEND PROCEEDINGS

Pursuant to TBMP § 510.02(a), Applicant Wayne R. Gray respectfully requests that the Board suspend this proceeding pending final disposition of a highly pertinent civil action between the parties involving the mark at issue in this Opposition. Both the civil action and this opposition involve common issues of fact and law related to Opposer's purported UNIX marks ownership, and thus are expected to be dispositive of Opposer's standing in this opposition, and the validity of the UNIX marks registrations.

On October 20, 2006, Wayne R. Gray, Applicant herein, filed a complaint in the United States District Court for the Middle District of Florida, Tampa Division, alleging Lanham Act, RICO, and other violations of law directly related to ownership of the UNIX mark registrations. The decision of the Federal District Court is expected to be binding upon the TTAB. Said case alleges (1) that Opposer's purported UNIX marks ownership was obtained and maintained by fraud upon the PTO; (2) that Opposer and Novell Inc. ("Novell"—the purported 1998 UNIX marks Assignor to Opposer), knowing that Novell was not the UNIX marks lawful owner in and after 1996, conspired to execute and record a false UNIX marks assignment agreement believed to have been backdated to November 1998; (3) that Opposer, Novell and The SCO Group, Inc. ("SCO"), as members of a corrupt racketeering enterprise, executed a false Confirmation Agreement believed to have been backdated to about September 1996, and Opposer filed

said false document in the TTAB on about February 24, 2005 for the purpose of, among others, influencing TTAB opposition proceeding No. 91122524; (4) that Opposer's use of UNIX marks acknowledgements in and after 1994 falsely representing it was and is the marks lawful owner and/or registrant constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (5) that in and after 1999 Opposer filed sham and objectively baseless trademark oppositions, petitions to cancel and other fraudulent UNIX trademark actions in the PTO, including, among others, TTAB opposition proceeding No. 91122524, based upon its false UNIX mark ownership representations and/or the PTO's incorrect UNIX mark assignment records that do not include Novell's 1995 UNIX marks transfer to Santa Cruz Operation, Inc. (recently discovered); and (6) that X/Open executed two deceptive and/or false renewal affidavits for the UNIX marks on about April 20, 2006 and fraudulently filed said affidavits in the PTO on about April 21, 2006 for the purposed of influencing TTAB opposition proceeding No. 91122524. A copy of Applicant's Complaint in said civil action is attached hereto as Exhibit A.

WHEREFORE, Applicant requests that all proceedings be suspended pending final determination of the civil action.

Respectfully submitted,

David L. Partlow, FBN 239682
David L. Partlow, P.A.
P.O. Box 82963
Tampa, FL 33682-2963
(813) 287-8337; FAX (813) 287-8234
dlppa@mindspring.com
Counsel for Applicant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished by _____ to Evan A. Raynes, Esquire, at Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP, 901 New York Ave., N.W. Washington, D.C. 20001-4413, this ____ day of _____, 20__.

David L. Partlow

2

# EXHIBIT 4

**DAVID L. PARTLOW, P.A.**
ATTORNEYS AT LAW

TRANSWORLD CENTER, SUITE 210
4100 WEST KENNEDY BOULEVARD
TAMPA, FLORIDA 33609-2244

David L. Partlow, Esq.

dlppa@mindspring.com
(813) 287-8337 • FAX (813) 287-8234

Josiah E. Hutton, Esq.

October 14, 2004

Madson & Metcalf, P.C.
Wesley L. Austin, Esquire
Gateway Tower West
15 West South Temple, Suite 900
Salt Lake City, Utah 84101

VIA FACSIMILE
AND
U.S. MAIL

Re: SCO Group Deposition/Document Requests
TTAB Opposition No. 91/122,524
Your File No.: 3412.7.4

Dear Mr. Austin:

We are once again at the point where we would like to take a Rule 30(b)(6) deposition of SCO in the referenced matter. Attached you will find a simplified and clarified draft of the documents requested in the deposition. Some topics have been removed and they may be addressed orally in the deposition, but so far as a present document search is concerned, these changes should make it easier. However, I also would like to discuss it with you, because it is not our aim to make it difficult on SCO. Rather, we seek certain evidence, and it is in our best interest to do everything we can to make it easy to obtain that evidence.

The previous subpoena, by the way, apparently got some of the attachments mixed up between SCO and Novell, which probably caused some confusion. The attachment is the current list intended for SCO.

There have been discussions with Novell and X/Open regarding a certain confidential document which Ryan Tibbitts, Esquire of SCO supplied to me. Novell and X/Open have claimed that this document probably resolves my client's claim. It raises questions in my mind, but in any event since I am not permitted to show it to my client, it cannot possibly resolve the case. I assume that Mr. Tibbitts supplied that to you along with the rest of the file. You will note that the document simply says on it that it is not for release to third parties. I presume that is why Mr. Tibbitts marked it confidential—for attorneys only. I am seeking permission from X/Open and Novell as well, but I need to know whether or not SCO objects to my showing that document to my client. We would have no problem in agreeing to limit its use to purposes strictly within this litigation.

Wesley L. Austin, Esquire
October 14, 2004
Page 2

    It would be appreciated if you would look over the attached draft and call me back preferably not later than Monday of next week so that we may discuss these items and perhaps further simplify the search. Of course, we will be glad to pay for copies of any documents that we request. Also, it would be appreciated if you could suggest some possible deposition dates, at the earliest opportunity reasonable for both you and your client. This may require some scheduling changes, because we anticipate being in district court there seeking to compel Novell to comply with similar requests, and we would probably prefer to coordinate the SCO deposition with any such appearance.

                                             Sincerely,

                                             David L. Partlow

DLP:ac
Enclosure

DRAFT 10-14-04A

## SCO SUBPOENA - ATTACHMENT A

## DESIGNATION OF MATERIALS TO BE PRODUCED BY DEPONENT

With respect to the Amended Notice of Deposition dated XXX for the deposition on XXX XXX, 2004 of The SCO Group, Inc., the following materials shall be produced by the deponent for inspection and possible copying by the examining attorney:

1. Provide copies of all agreements and understandings, either generated or in effect at any time on or after June 14, 1993, including notes and memos interpreting same, whether such understanding be written or oral, with or relating to Novell (defined hereinafter) concerning ownership and/or licensing of the Unix marks, the Unix business (including products and services) as attached and/or relating to the Unix marks(defined hereinafter), the Unix goodwill and/or Unix intellectual property as attached and/or relating to the Unix marks.

2. Provide copies of all agreements and understandings, either generated or in effect at any time on or after June 14, 1993, including notes and memos interpreting same, whether such understanding be written or oral, with or relating to Tarantella (defined hereinafter) concerning ownership and/or licensing of the Unix marks, the Unix business (including products and services) as attached and/or relating to the Unix marks(defined hereinafter), the Unix goodwill and/or Unix intellectual property as attached and/or relating to the Unix marks.

3. Provide copies of all agreements and understandings, either generated or in effect at any time on or after June 14, 1993, including notes and memos interpreting same, whether such understanding be written or oral, with or relating to The X/Open Company (defined hereinafter) concerning ownership and/or licensing of the Unix marks, the Unix business (including products and services) as attached and/or relating to the Unix marks(defined hereinafter), the Unix goodwill and/or Unix intellectual property as attached and/or relating to the Unix marks.

4. Provide copies of all documents and all communications concerning all contracts entered into on or after June 14, 1993 relating to the Unix marks, including but not limited to licenses, licensing agreements, software agreements and sublicensing agreements.

5. Provide copies of all documents and all communications of any kind evidencing any Unix mark Trademark Licensing and/or Re-Licensing business by Novell between June 14, 1993 and May 10, 1994, including but not limited to any Unix Trademark (Re)Licensing business as a business of USL and/or ATT as acquired by Novell in the June 1993 acquisition of USL from ATT.

6. Provide copies of all documents and all communications of any kind between Novell and X/Open or any other party, interpreting, modifying or transmitting the Unix mark Trademark Re-Licensing Agreement between Novell and X/Open dated on or about May 10, 1994 and all amendments.

7. Provide copies of all documents and all communications of any kind setting forth and/or interpreting the rule, policy, practice or procedure governing the quality control or other

supervision exercised by Novell as owner and licensor of the Unix marks, over X/Open as licensee with respect to X/Open's Unix mark relicensing business from May 1994 to the present, specifically relating to the May 10, 1994 Trademark Re-Licensing Agreement between Novell and X/Open Company and all amendments.

8. Provide copies of all documents and all communications of any kind evidencing payments made by X/Open to Novell pursuant to the Unix mark Trademark Re-Licensing Agreement between Novell and X/Open Company dated on or about May 10, 1994 and all amendments.

9. Provide copies of all documents and all communications of any kind setting forth and/or interpreting the rule, policy, practice or procedure governing the quality control or other supervision exercised by SCO as owner and licensor of the Unix marks at any time after June 14, 1993.

10. Provide copies of all documents and all communications of any kind evidencing payments made by X/Open to SCO pursuant to the Unix mark Trademark Re-Licensing Agreement between Novell and X/Open Company dated on or about May 10, 1994 and all amendments.

11. Provide copies of all documents and all communications of any kind between SCO, Novell, and X/Open, or any of them, modifying and/or interpreting the 1995 Unix Asset Purchase Agreement titled "Asset Purchase Agreement by and between Santa Cruz Operation, Inc. and Novell, Inc." dated on or about September 19, 1995 and all amendments, where such modification and/or interpretation related to the Unix marks.

12. Provide copies of all documents and all communications of any kind between SCO, Novell, and X/Open, or any of them, modifying, interpreting and/or explaining all agreements relating to ownership of the UNIX marks executed jointly by Novell, SCO and X/Open in or about August and September of 1996.

13. Provide copies of all documents and all communications of any kind interpreting or explaining the Unix mark Deed of Assignment between Novell as Assignor and X/Open as Assignee dated on or about November 13, 1998.

14. Provide copies of all documents and all communications of any kind, including written or electronic correspondence, memoranda, search reports and all contracts or other written documents, from June 14, 1993 up to and including November 13, 1998, that establish the right of Novell or any other entity to ownership of the Unix marks.

15. Provide copies of (a) the earliest (after June 14, 1993) of X/Open's and/or Novell's documents and communications of any kind, and (b) the most recent prior to November 13, 1998 of said documents and communications of any kind, concerning the Unix mark acknowledgement statement "UNIX is a registered trademark in the United States and other countries, licensed exclusively through X/Open Company Limited."

16.   Provide copies of all documents and all communications of any kind with respect to third parties, excluding actual filings, concerning the action titled X/Open Company Limited v Wayne R. Gray, USPTO TTAB Opposition Proceeding No. 122,524.

2

17. Provide copies of all documents and all communications of any kind dated on or after June 14, 1993 not produced above, evidencing ownership and licensing of the Unix marks and conduct of the business associated therewith.