```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

WAYNE R. GRAY,

      Plaintiff,

v.                          CASE NO:   8:06-cv-1950-T-33TGW

NOVELL, INC., THE SCO
GROUP, INC., and X/OPEN
COMPANY LIMITED,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to various motions filed by Plaintiff Wayne R. Gray. As discussed below, all of the motions are due to be denied.

I.  Procedural Background

This Court granted Defendants X/Open and Novell's motions for summary judgment, denied Mr. Gray's motion for partial summary judgment, and entered judgment in favor of Defendants in February 2009 (Docs. # 161, 162). Mr. Gray appealed the judgment to the Eleventh Circuit Court of Appeals (Doc. # 168). Having found that Mr. Gray's Florida RICO claims lacked a substantial basis in fact, this Court also issued an Order in June 2010 finding Mr. Gray liable for X/Open's attorney's fees incurred in defending the Florida RICO Act claims and its reasonable costs (Docs. # 196, 218). The determination of the

amount of the fees and costs was deferred pending resolution of Mr. Gray's appeal (Doc. # 218). The Eleventh Circuit Court of Appeals recently issued a mandate concluding that this Court properly granted summary judgment against Mr. Gray on all claims and affirming this Court's decision in all parts (Doc. # 245). As such, all issues of liability before this Court have been decided. The only issue remaining before the Court is simply the amount of X/Open's attorney's fees for which Mr. Gray will be liable, which will be considered upon proper motion by Defendant X/Open.

II. Plaintiff's Motions

    A. Plaintiff's Motion to Certify the Court's June 28, 2010 Order (Doc. 218) for Appeal

Mr. Gray moves this Court to certify for appeal this Court's decision granting Defendant X/Open's motion for attorney's fees (Doc. # 218). X/Open filed an Opposition thereto (Doc. # 235).

Because this Court granted the motion for attorney's fees but deferred determining the amount of attorney's fees until the conclusion of the appeal to the Eleventh Circuit, this Court's Order is not final and appealable. See Doc. # 243 (order of Eleventh Circuit dismissing Mr. Gray's appeal of this Court's order granting attorney's fees for lack of

jurisdiction because the order is not final and immediately appealable); <u>Morillo-Cedron v. Dist. Dir. for U.S. Citizenship & Immigration Servs.</u>, 452 F.3d 1254, 1256 (11th Cir. 2006)("Because the district court did not make a determination of the specific amount of [attorney's] fees ... that order [regarding entitlement to attorney's fees] was not final and appealable.").

The Court finds that Mr. Gray's request is due to be denied. An appeal of this Court's Order regarding X/Open's entitlement to attorney's fees would be more appropriate upon determination of the amount of attorney's fees to be awarded. Further, because the Eleventh Circuit has since issued its mandate affirming this Court's entry of summary judgment in favor of the Defendants, the reasons suggested by Mr. Gray for immediate appeal are now moot in addition to being otherwise insufficient as a basis for certification of immediate appeal.

    B.   <u>Plaintiff's Motions Regarding the 1994 License Agreement and the 1996 Confirmation Agreement</u>

Plaintiff has filed two motions in regards to these agreements: Plaintiff's Motion to Re-Classify the May 10, 1994 Novell-X-Open Unix Trademark License Agreement; and Renewed Motion to Re-Classify the 1996 Novell-X/Open-Santa Cruz "Confirmation Agreement" and Its Transmittal Memo (Doc. # 229)

3

and Plaintiff's Motion to Seal the May 10, 1994 Agreement and Motion to Seal the September 1996 Confirmation Agreement as Authorized by this Court on September 19, 2007 (Doc. # 233). Defendant X/Open filed an Opposition thereto (Doc. # 236) as did Defendant Novell (Doc. # 237).

The Court finds, given the posture of this case, i.e., all issues of liability have been decided, that these motions are untimely and no reason or judicial need exists to declassify the 1994 and 1996 agreements or file these documents under seal.  The Court notes that these agreements have no bearing of the amount of attorney's fees to be awarded to X-Open.  In addition, Mr. Gray has had access to the full, unredacted versions of the agreements since March 2008 pursuant to the parties' protective order and had the opportunity to present those versions to the Court in opposing Defendants' summary judgment motions but did not do so. Accordingly, these motions are due to be denied.

  C. <u>Plaintiff's Rule 59 and Rule 60 Motion for Reconsideration and Relief of the Court's February 20, 2009 Order (Doc. 161) and June 28, 2010 Order (Doc. 218)</u>

Mr. Gray moves this Court to reconsider its February 20, 2009 Order dismissing all of Gray's claims and this Court's

June 28, 2010 Order granting X/Open's attorney's fees under the Florida RICO Act (Doc. # 231).  X/Open filed an Opposition thereto (Doc. # 238).

Mr. Gray's motion to reconsider the Court's February 20, 2009 Order is moot in light of the Eleventh Circuit Court of Appeals mandate affirming the Order and would otherwise be denied by this Court as untimely.[1]

Although titled a motion for reconsideration of the Court's June 28, 2010 Order concerning attorney's fees, the entire motion, in fact, deals with alleged errors of law and alleged new evidence relating to the underlying merits of the Court's February 20, 2009 summary judgment Order and not the Court's June 28, 2010 Order.  The Court's June 28, 2010 Order is not discussed substantively in Mr. Gray's twenty-five page brief.  Accordingly, the Court finds the motion on this grounds is due to be denied as well.

---

[1] Federal Rule of Civil Procedure 60 provides that where a motion for reconsideration is based on newly-discovered evidence, as Mr. Gray alleges here, the motion must be made "within a reasonable time – and ... no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(b)(2) and 60(c)(1).  Mr. Gray's motion for reconsideration was filed on August 3, 2010 and comes nearly a year and a half after summary judgment was entered in favor of Defendants in this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Certify the Court's June 28, 2010 Order for Appeal to the United States Court of Appeals for the Eleventh Circuit (Doc. # 227) is **DENIED.**

(2) Plaintiff's Request for Oral Argument (Doc. # 228) is **DENIED.**

(3) Plaintiff's Motion to Re-Classify the May 10, 1994 Novell-X-Open Unix Trademark License Agreement; and Renewed Motion to Re-Classify the 1996 Novell-X/Open-Santa Cruz "Confirmation Agreement" and Its Transmittal Memo (Doc. # 229) is **DENIED.**

(4) Plaintiff's Motion to Seal the May 10, 1994 Agreement and Motion to Seal the September 1996 Confirmation Agreement as Authorized by this Court on September 19, 2007 (Doc. # 233) is **DENIED.**

(5) Plaintiff's Rule 59 and Rule 60 Motion for Reconsideration and Relief of the Court's February 20, 2009 Order and June 28, 2010 Order (Doc. # 231) is **DENIED.**

(6) Plaintiff's Motion for Leave to File a Ten (10)-Page Reply to Defendants' Oppositions to Gray's Motions to

Seal Certain Documents; to Re-Classify Certain Documents; to Certify June, 2010, Order for Appeal; and Rule 59 and Rule 60 Motion (Doc. # 241) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of February, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties and Counsel of Record

7