UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE R. GRAY

    Plaintiff,

v.                                                     CASE No. 8:06-CV-1950-T-33TGW

NOVELL, INC.,
THE SCO GROUP, INC.,
and X/OPEN LIMITED

    Defendants.

---

## ORDER

THIS CAUSE came on for consideration upon defendant X/Open's Bill of Costs (Doc. 166) and the plaintiff's Opposition to Bill of Costs of Defendant X/Open Company Limited (Doc. 178). The defendant seeks $15,007.35 in costs under Rule 54(d)(1), F.R.Civ.P., as the prevailing party in this case (Doc. 166). The plaintiff objects to reimbursement of all of these costs except for a $20.00 fee charged by the Clerk (Doc. 178, p. 2). For the following reasons, the defendant will be awarded $5,016.82 in costs to be taxed against the plaintiff.

I.

Under Rule 54(d)(1), F.R.Civ.P., costs "should be allowed to the prevailing party." Thus, there is a presumption in favor of awarding costs to the prevailing party. Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). On the other hand, the Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense [it] has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Rather, costs awarded under this rule are limited to the list of items set forth in 28 U.S.C. 1920 and related statutes. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

It is, moreover, the movant's obligation to adequately describe and substantiate the requested costs. Cf. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Similarly, the opponent has an obligation to document with specificity his objections. Cf. American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)(objections and proof from fee opponents should be specific and reasonably precise).

II.

Defendant X/Open seeks reimbursement of $14,987.35 for "[f]ees for exemplification and the costs of making copies of any materials ... necessarily obtained for use in the case" and a $20.00 fee of the Clerk (Doc. 166). The defendant has included an itemization of its costs and invoices substantiating these expenses (id., pp. 4-64). The plaintiff objects to reimbursement for all photocopying and exemplification fees on the ground that the photocopies were not necessarily obtained for use in this case (Doc. 178, p. 2).

Initially, it is noted that the defendant had filed a Motion to Strike the plaintiff's Opposition to X/Open's Bill of Costs as untimely (see Doc. 182). However, at the hearing on the matter, plaintiff's counsel argued he believed that an unopposed extension of time to respond to X/Open's Motion for Attorneys' Fees and Costs, which was granted by the court, also applied to objections to the Bill of Costs (see Doc. 182-2, p. 2; Doc. 189). Since the circumstances surrounding this issue are unclear, it would be unfair to deny the plaintiff an opportunity to object to the bill of costs. Consequently, the defendant was granted leave to file a reply to the plaintiff's

opposition (Docs. 189, 190). Specifically, it was given 20 days after resolution of the plaintiff's appeal to file a reply memorandum to the plaintiff's opposition to the Bill of Costs (Doc. 190). The defendant, however, did not file a reply memorandum.

Pursuant to §1920(4), photocopying "necessarily obtained for use in the case" is compensable. In making this determination, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). For example, the Eleventh Circuit has stated that "copies attributable to discovery" provided to the opposing party are a category of copies recoverable under §1920(4). Id. On the other hand, photocopying costs "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only" are not recoverable. See id. at 620-21; see also Ballestero v. Fairfield Resorts, Inc., 2008 WL 5111100 at *2 (M.D. Fla.)("charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable"). The burden of establishing entitlement to photocopying expenses lies with the

prevailing party. See <u>Desisto College, Inc.</u> v. <u>Town of Howey-in-the-Hills</u>, 718 F.Supp. 906, 910 n.1 (M.D. Fla. 1989), <u>aff'd</u>, 914 F.2d 267 (11th Cir. 1990).

The plaintiff argues that the defendant's conversion and printing of documents that he produced during discovery in an electronic format is a "convenience cost" and is therefore not compensable (Doc. 178, pp. 6-7). The printing of electronically stored information can be characterized as a convenience. See <u>Ballestero</u> v. <u>Fairfield Resorts, Inc.</u>, <u>supra</u>, 2008 WL 5111100 at *2-*3. In this case, the defendant does not explain why the conversion and printing of all of the plaintiff's electronically produced discovery was necessary, although it was given an opportunity to reply to this argument. Therefore, the defendant failed to show that the conversion and photocopying expenses related to the plaintiff's electronic discovery were necessary for use in the case. See <u>Coleman</u> v. <u>Roadway Express</u>, 158 F.Supp.2d 1304, 1310 (M.D. Ala. 2001)(<u>quoting</u> <u>Fulton Federal Sav. & Loan</u> v. <u>American Ins. Co.</u>, 143 F.R.D. 292, 300 (N.D. Ga. 1991))(when the party "fails to respond to the objections to a bill of costs by coming forward with

evidence showing ... how they were used or intended for use in the case, the court may disallow costs").

The plaintiff also argues that color photocopies of documents is a non-recoverable convenience cost (Doc. 178, p. 8). Color photocopies are compensable under §1920(4) if they are necessarily obtained for use in the case. See Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293, 1296-97 (11th Cir. 2001)(color photographs used at trial are a compensable cost). However, the plaintiff argues that, in this case, the defendant did not file color copies with the court, and there has been no contention that color documents were necessary to any issue in the lawsuit (Doc. 178, p. 9). Since the defendant did not file a reply to this argument, the court does not know the reason for the color copying and, therefore, the defendant has failed to show that color photocopying expenses were necessary in this case.

On the other hand, the plaintiff has failed to itemize, with record citations, the sums spent on these objectionable categories of photocopying

costs.* It is the plaintiff's burden to identify his objections with specificity. Cf. American Civil Liberties Union of Georgia v. Barnes, supra, 168 F.3d at 428. The plaintiff attempts to avoid this burdensome task by arguing that X/Open's entire exemplification fee of $14,987.35 was for "printing, copying and converting Mr. Gray's electronic discovery production" (Doc. 178, p. 7). However, that is inaccurate. For example, a brief review of the invoices shows that X/Open also incurred costs in producing documents for the plaintiff (see, e.g., Doc. 166, p. 36), which are compensable. See United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 623 ("copies attributable to discovery" provided to the opposing party are a category of copies recoverable under §1920(4)).

The court will not comb through every invoice to determine the non-compensable costs. That, as indicated, was the plaintiff's burden, which he failed to satisfy. On the other hand, there are several entries on the

---

*For example, the plaintiff argues that the defendant spent more than $7,000 on color photocopies (Doc. 178, pp. 8, 9). However, the plaintiff provided no record citation in support of this contention, and the court did not identify $7,000 in color photocopying expenses.

invoices noticed by the court that are not compensable. Those sums will be deducted from the amount of costs due. They are:

- $7,115.39 for "working copy of all documents produced by X/Open and Gray" (Doc. 166, p. 42). The term "working copy" indicates it was for the convenience of counsel, and not necessary for use in the case, as that term is defined in the caselaw.

- $1,141.00 for color scanning (id., p. 47). As indicated, the defendant failed to meet its burden to show that color copying was necessary to the case.

- $1,734.14 for imaging and blowbacks of the plaintiff's production documents (id., pp. 16-17). As indicated, the defendant failed to show that the conversion and photocopies of the plaintiff's electronically produced discovery was necessary for the case.

After reducing these non-recoverable costs totaling $9,990.53, defendant X/Open is entitled to recover costs under §1920 in the amount of $5,016.82.

It is, therefore, upon consideration,

ORDERED:

That the taxation of the Bill of Costs by the Clerk (Doc. 167) is hereby **AMENDED to the extent** that costs are hereby taxed against the

plaintiff in the amount of **$5,016.82** pursuant to Rule 54(d)(1), F.R.Civ.P.

DONE and ORDERED at Tampa, Florida, this 6th day of September, 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE